IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
UNITED STATES OF AMERICA      *
                              *
     v.                       *    CR 108-168-3
                              *
KEVIN DEMETRIUS SMITH         *
```

## O R D E R

Defendant Kevin Demetrius Smith seeks relief under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A). The Government seeks dismissal of the motion and otherwise opposes the motion. Upon due consideration, the Court dismisses Smith's motion as premature for failure to exhaust administrative remedies.

The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant in "extraordinary and compelling circumstances." Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release in the district court. The First Step Act modified § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

warden of the defendant's facility, whichever is earlier." In this case, Smith has not submitted any evidence or argument that he exhausted his administrative remedies prior to seeking relief in the district court. For this reason, the Court will dismiss the motion.

Smith's motion requires further comment. A release under § 3582(c)(1)(A) must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." The application note to the existing policy statement of the Sentencing Commission, adopted before passage of the First Step Act of 2018, lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). Smith concedes that he does meet any of these criteria. The application note also provides a catch-all category: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added). Smith seeks relief under this category.

Through his motion, Smith contends that the First Step Act now allows a district court to determine whether extraordinary and compelling reasons exist outside of the three enumerated examples in U.S.S.G. § 1B1.13 and independent of the BOP's determination. Smith's contention is not without support. Some district courts

2

have determined that the First Step Act signaled an intent from Congress that district courts may now consider whether extraordinary and compelling reasons for compassionate release exist other than those delineated in U.S.S.G. § 1B1.13 n.1. See United States v. Bullock, 2020 WL 5412964, at 4 (S.D. Ala. Sept. 9, 2020) ("[T]he First Step Act allows the inmate to move for compassionate release without the BOP's support . . . ."); United States v. Maumau, 2020 WL 806121, at *4 (D. Utah Feb. 18, 2020) (finding U.S.S.G. § 1B1.13 inapplicable because "continuing to give the [BOP] Director a veto over [compassionate release] requests would defeat [the First Step Act's] goal"); United States v. Hope, 2020 WL 2477523 (S.D. Fla. Apr. 10, 2020) (granting a sentence reduction under the catchall provision upon determining that the court had the independent discretion to do so); United States v. Brown, 411 F. Supp. 3d 446 (S.D. Iowa Oct. 8, 2019) (holding that the district court now assumes the same discretion as the BOP Director when it considers a compassionate release motion); United States v. Fox, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("I treat the previous BOP discretion to identify other extraordinary and compelling reasons as assigned now to the courts."); United States v. Beck, 2019 WL 2716505 (M.D.N.C. June 28, 2019); United States v. Cantu, 2019 WL 2498923 (S.D. Tex. June 17, 2019).

In this Court's estimation, these cases rest upon a faulty premise that the First Step Act somehow rendered the Sentencing

3

Commission's policy statement an inappropriate expression of policy. This interpretation, however, contravenes express Congressional intent that the Sentencing Commission, not the judiciary, determine what constitutes an appropriate use of the "compassionate release" provision. See 28 U.S.C. § 944(t). Indeed, § 3582(c)(1)(A) as amended by the First Step Act *still* requires courts to abide by policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). Accordingly, Smith is advised that this Court will follow the policy statement in U.S.S.G. § 1B1.13 and require him to meet one of the three specific categories of extraordinary and compelling reasons. Accord, e.g., United States v. Lewis, 2020 WL 6363895, at *1 (M.D. Fla. Oct. 29, 2020); United States v. Lynn, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); United States v. Johns, 2019 WL 2646663 (D. Ariz. June 28, 2019); United States v. Gross, 2019 WL 2437463 (E.D. Wash. June 11, 2019); United States v. Heromin, 2019 WL 2411311 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231 (N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments").

Finally, the Court notes that Smith's motion primarily complains about the conditions of his confinement in the context of the BOP's response to the COVID-19 pandemic. He also claims that his "'long-haul' symptoms" arising from his successful bout with COVID-19 have not been adequately addressed. (Def.'s Mot., Doc. 536, at 7.) Finally, Smith complains that he has been incorrectly deprived of credit for time served in state custody. To the extent that Smith challenges the conditions of his confinement, he must do so through a civil lawsuit brought pursuant to 42 U.S.C. § 1983. To the extent that Smith challenges the execution of his sentence, the more appropriate vehicle is the filing of a habeas corpus petition under 28 U.S.C. § 2241 in the district of confinement.

Upon the foregoing, the Government's motion to dismiss Defendant Kevin Demetrius Smith's motion for compassionate release (doc. 539) is **GRANTED**. The Clerk is directed to **TERMINATE** Defendant's motion for compassionate release (doc. 536).

**ORDER ENTERED** at Augusta, Georgia, this 19th day of November, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5